IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **KARLA GALLEGOS,** § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | CIVIL ACTION NO—3:21-CV-00044 | |
| § | | |
| **MESILLA VALLEY** § | | |
| **TRANSPORTATION a/k/a** § | | |
| **MVT SERVICES, LLC;** § | JURY TRIAL DEMANDED | |
| § | | |
| *Defendant.* § | | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Plaintiff, KARLA GALLEGOS (herein, "Plaintiff"), in the above-styled and numbered cause, and files her Original Complaint against Defendant, MESILLA VALLEY TRANSPORTATION (herein, "Defendant" and "MVT"). Plaintiff and Defendant herein will be referred to as the "Parties." Plaintiff for cause shows the Court the following:

### A. NATURE OF ACTION

1. This action is brought to remedy discrimination on the basis of pregnancy (sex) against Plaintiff by Defendant, which affected the terms, conditions, and privileges of her employment in contradiction to the protections afforded by Title VII of the Civil Rights Act of 1964 ("Title VII") as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), 42 U.S.C. § 2000e(k); and the Texas Commission on Human Rights Act, Texas Labor Code § 21.001 et seq. ("TCHRA") as applicable and for causes of action would show as follows:

## B. PARTIES

2. Plaintiff KARLA GALLEGOS (hereafter, "Plaintiff") is a female resident of El Paso County, Texas.

3. Defendant MESILLA VALLEY TRANSPORTATION et al. (herein "Defendant" and "MVT") is a domestic multi-state corporation doing continuous business in the state of Texas at their El Paso, Texas site located at 9525 Escobar, El Paso, Texas 79907, and may be served with process by serving its registered agent STEVEN J. BLANCO or any authorized officer or agent therein at 5715 Cromo Drive, El Paso, Texas 79912.

## C. JURISDICTION

4. Pursuant to 28 U.S.C. §§ 1331 and 1343, this Court has federal question jurisdiction because the action arises under Title VII of the Civil Rights Act of 1964 ("Title VII") as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), 42 U.S.C. § 2000e(k); and the Texas Commission on Human Rights Act, Texas Labor Code § 21.001 et seq. ("TCHRA") as applicable.

5. Venue is proper in the U.S. District Court for the Western District of Texas, El Paso Division pursuant to 42 U.S.C. 1391(b) because the unlawful practices alleged below were committed therein.

6. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's applicable state law claims which are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

### EXHAUSTION OF ADMINISTRATIVE PROCEDURES

7. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). Plaintiff filed this suit within ninety (90) days of receiving a Notice of Right to Sue from the EEOC.

8. All conditions precedent have been performed or have occurred.

### D.  FACTS

9. It has been 40 years since the Pregnancy Discrimination Act made discrimination against pregnant employees illegal. However, a recent survey of over 1000 women found that while over half of pregnant women surveyed needed a change in work schedule or time off, more than one in four did not ask their employers about it, possibly out of fear of retaliation or reprisal.[1]

10. Mesilla Valley Transportation is one of the largest locally owned Truck Load carriers in the U.S., conducting business in El Paso and Las Cruces.[2]

11. Plaintiff is a female resident of El Paso County who began working for Defendant MVT in January 2016.

12. In and around June 2016 Plaintiff was made a full-time permanent employee of MVT.

13. During the course of her employment, Plaintiff became pregnant and informed her supervisor at MVT of her pregnancy.

14. Plaintiff continued to work throughout her entire pregnancy, and on or about October 16, 2016 left on maternity leave immediately preceding the birth of her child.

15. Plaintiff's child was born October 26, 2016.

16. Plaintiff contacted Mr. Chica her supervisor to inform him of the fact she gave birth, and she was told to take two weeks off work and return to work in and around November 2016.

---

[1] http://www.nationalpartnership.org/our-work/resources/workplace/pregnancy-discrimination/listening-to-mothers-experiences-of-expecting-and-new-mothers.pdf
[2] Home | Mesilla Valley Transportation (m-v-t.com)

17. Despite this indication, and the fact Plaintiff was hospitalized post giving birth, Plaintiff was contacted by MVT Human Resources representative Greg Ginger on or about November 8, 2016 and told she was terminated by MVT from her employment.

18. MVT claimed Plaintiff was "absent for three (3) consecutive days without contacting MVT," and thus was a "no show, no call" employee, therein alleging Plaintiff "abandoned her job," and was terminated for cause.

19. These allegations against Plaintiff are false. In fact, Plaintiff communicated with MVT on or about November 4, 2016, therein communicating with her supervisor via text that she recently had given birth, was hospitalized and was still under doctor's care.

20. Plaintiff's MVT supervisor responded to Plaintiff that he was out of town upon receiving this communication and would not be back at work until on or about November 14, 2016.

21. Plaintiff was told by her supervisor to reach out then to confirm she had been cleared medically to return to work and to be placed back on the schedule.

22. Plaintiff's supervisor stated in this communication that Plaintiff should rest and get better in the interim, and to have her contact him when he returned to work, on or about November 14, 2016.

23. Despite this indication, on or about November 8, 2016, Plaintiff was contacted by MVT Human Resources and informed she was being discharged from her employment for failing to make her department aware she was hospitalized post birth and not returning immediately to the workplace the day after giving birth to her child.

24. This allegation was false.

25. MVT discriminated against Plaintiff due to her pregnancy when MVT discharged Plaintiff immediately following her leave to give birth, therein falsely claiming Plaintiff was allegedly absent three (3) consecutive days with no contact to the company, despite proof Plaintiff was in communication with her direct supervisor and was granted leave by the same supervisor due to her hospitalization and medical condition.

26. Plaintiff timely filed her Charge of discrimination with the Equal Employment Opportunity Commission (herein "EEOC")  on or about January 23, 2017.

27. The EEOC investigated the Charge and issued a Determination that stated the Agency found reasonable cause to believe Plaintiff's "pregnancy and recent childbirth were a motivating factor in the decision to terminate her, in violation of Title VII."

28. The Agency found "reasonable cause to believe that Respondent discharged Charging Party due to her pregnancy in violation of Title VII."

29. The EEOC further determined that "related and growing out of the investigation," the Agency found that MVT implemented "an inflexible medical leave policy that does  not consider the potential need for a period of additional time off, as a reasonable accommodation for a disabled employee or related to reasonable accommodation under the Pregnancy Discrimination Act (PDA), in violation of the statutes."

30.  Specifically, the EEOC determined that the "evidence shows that Respondent fails to reasonably accommodate disabled employees who are non-driver employees; have been employed less than ( 1) one year and do not qualify under FMLA, in violation of the statute."

31. Ultimately, the EEOC determined there was "reasonable cause to believe that Respondent practices a finite leave policy that does not allow additional time off as related to the

PLAINTIFF'S ORIGINAL COMPLAINT
KARLA GALLEGOS v. MESILLA VALLEY TRANSPORTATION., ET AL.

PAGE 5 OF 10

reasonable accommodation under the Pregnancy Discrimination Act (PDA) and the American's with Disability Act (ADA) in violation of the statutes."

32. Further, the EEOC determined MVT "is obligated under the ADA to keep medical records in relation to any request for reasonable accommodation and furthermore to keep those files separate from the personnel file." The EEOC determined that medical documentation submitted by Plaintiff was not kept in according with proper practice by MVT in contradiction to recordkeeping guidelines outlined by the ADAAA.

33. Within the appropriate time of the acts of which Plaintiff complains herein, on or about respectively January 23, 2017, Plaintiff filed a charge of discrimination, under oath, with the Equal Employment Opportunity Commission. Plaintiff's Charge of Discrimination from the EEOC is attached herein and incorporated by reference as Exhibit "A."

34. The EEOC investigated Plaintiff's claims and on or about December 1, 2020 issued a Right to Sue Letter and Determination to Plaintiff, of which the Right to Sue Letter to Plaintiff is attached herein and incorporated by reference as Exhibit "B."

35. Accordingly, Plaintiff timely files this suit.

36. As such, all conditions precedent to the filing of this action have been fulfilled.  To the extent any time limits have not been complied with, same are futile, have been waived, or are tolled on account of agreement and/or fraud; Defendants are estopped from asserting the same.

### E.  CLAIMS FOR RELIEF
**(PREGNANCY (SEX) DISCRIMINATION & DISABILITY DISCRIMINATION AGAINST PLAINTIFF BY DEFENDANT MVT)**

37. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Original Complaint and all succeeding paragraphs of this Original Complaint, as if fully set forth herein.

38. Plaintiff was pregnant at the time of Defendant's decision to terminate her employment.

39. Plaintiff was qualified for her position.

40. Plaintiff suffered an adverse employment action in having her employment terminated.

41. Plaintiff's pregnancy and need for leave and/or reasonable accommodation were factors in MVT'S decision to take adverse employment action against Plaintiff when it did.

42. Plaintiff's pregnancy and need for leave and/or reasonable accommodation were also factors in MVT's failure to re-hire her to the same position when it did, and MVT's decision to replace her with another female who was not pregnant and had not recently given birth.

43. Defendant's conduct violated Title VII of the Civil Rights Act of 1964 ("Title VII") as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), 42 U.S.C. § 2000e(k); and the Texas Commission on Human Rights Act, Texas Labor Code § 21.001 et seq. ("TCHRA"), as well as the American with Disabilities Act, as amended.

44. As a direct and proximate result of the foregoing, Plaintiff was caused to suffer injury and resulting damages, for which she sues, including, but not limited to:

   (a) mental/emotional anguish, inconvenience, physical anxiety, physical pain and discomfort, physical ailments, loss of enjoyment of life, humiliation, and the like, past and future;

   (b) back pay, front pay, loss of earnings and earning capacity, loss of employment, damage to her career and to her professional and personal reputation, and employment benefits, past and future;

   (c) Attorney's fees and costs of court, inclusive of expert witness fees.

45. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policies, practices, customs, and usages set forth herein, thus she requests declaratory, injunctive, and equitable relief as a means of securing relief for such wrongs.

### F. DAMAGES

46. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Original Complaint, as well as all succeeding paragraphs of this Original Compliant, as if fully set forth herein.

47. Plaintiff was caused to suffer injury and resulting damages, for which she sues, including, but not limited to economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits and lost tenure and other benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of earning capacity, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

48. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, injury to credit standing, job search expenses, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

49. The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

3:21-CV-00044

50. Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees.

## G.  DEMAND FOR JURY

51.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Original Complaint, as well as all succeeding paragraphs of this Original Compliant, as if fully set forth herein.

52. Plaintiff demands a jury trial at this time of all the issues in this case and tenders herewith the requisite jury fee.

## H.  PRAYER FOR RELIEF

53.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Original Complaint, as well as all succeeding paragraphs of this Original Compliant, as if fully set forth herein.

54. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectively prays that Defendant be cited to appear and answer herein, and that upon final hearing hereof, the Court grant Plaintiff the following relief:

55. All actual damages, including but not limited to past and future lost wages, past and future lost benefits, lost benefits of contract, consequential damages, reinstatement of lost fringe benefits or seniority rights;

56. Mental anguish / compensatory damages; Exemplary / punitive damages; Pre-judgment and post-judgment interest as allowed by law; Court costs and expenses, and litigation expenses, including but not limited to the expenses for any expert witnesses; Equitable relief, including reinstatement, front pay; Attorneys' fees; and

57. Any such further relief as the Court deems proper and just under the circumstances.

58. Further Plaintiff prays the Court order Defendant to allow Plaintiff to be reinstated to a permanent position, as she requested and is entitled to, with full salary, training, seniority, benefits, pay increases, promotions, awards, bonuses, and the like, with full back pay (and interest thereon), and benefits she would have received had she never been discriminated against or retaliated against, and as if she had worked in a discrimination-free/reprisal-free environment.

59. In lieu of reinstatement into a full-time position similar to the position previously held by Plaintiff, order Defendant to pay Plaintiff all the back pay and benefits due at the time of trial, and to pay Plaintiff front pay and benefits for a period beginning on the date of trial.

60. Enter judgment awarding Plaintiff punitive or exemplary damages from Defendant for Defendant's willful, malicious and/or reckless conduct in an amount to be determined by the jury at trial, which will appropriately punish Defendant for such misconduct, and which will appropriately deter Defendants from engaging in such misconduct in the future.

Respectfully submitted,
The Hanshew Law Firm, PLLC
**Soraya Yanar Hanshew, Esq.**
632 Moondale Dr.
El Paso, Texas  79912
syhlaw@outlook.com
(915) 491-6181 Telephone
(915) 996-9907 Facsimile

*(signature)*
SORAYA YANAR HANSHEW
State Bar No. 24047151

**ATTORNEY FOR PLAINTIFF**